IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARLOS LASHAN DAVIS, )
)
Petitioner, )
) 1:12CV507
v. ) 1:07CR89-1
)
UNITED STATES OF AMERICA, )
)
Respondent. )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Carlos Lashan Davis, a federal prisoner, brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:07CR89-1, Doc. #86]. On June 6, 2007, Petitioner was convicted on one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was later sentenced to 168 months imprisonment. However, prior to the filing of Petitioner's instant Motion, his sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) to 120 months imprisonment, which was the statutory mandatory minimum sentence that applied in light of an Information of Prior Conviction filed by the Government pursuant to 21 U.S.C. § 851.

Petitioner contends in his present Motion that his sentence under 21 U.S.C. §841(b)(1)(B) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction that was not punishable by more than one year of imprisonment. The Government initially responded to this claim by filing a Motion to Dismiss [Doc. #96]. However, the Government later filed a Supplemental

Response [Doc. #114], withdrawing the Motion to Dismiss and conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply to this claim.[1] It also concedes that Petitioner should be resentenced.[2] The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information of Prior Conviction, and the Court notes that Petitioner's prior conviction is reflected as a Class I felony with a prior record

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The United States Court of Appeals for the Fourth Circuit recently held that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). The Government's position in the present case would also include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), based on an enhanced range of 10 years to life, rather than the otherwise-applicable range of 5 to 40 years of imprisonment, and if the enhanced mandatory minimum was above the bottom of the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court further notes that the Government has agreed that relief should be granted in this case, even though Petitioner's sentence of 120 months is below the otherwise-applicable statutory maximum of 40 years that would apply even without the enhancement. The Court will proceed on the basis of this concession, taking it as the position of the Government that the sentence is "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances.

level of II, sentenced in the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that Respondent's Motion to Dismiss be deemed withdrawn, that Petitioner's sentence be vacated, and that he be resentenced.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #86] be GRANTED, that Respondent's Motion to Dismiss [Doc. #96] be deemed WITHDRAWN, that the sentence set out in the Judgment [Doc. #34] be VACATED, and that this matter be set for resentencing.

This, the 16th day of May, 2014.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge